IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ELAINE L. CHAO, Secretary of Labor,                                                              PLAINTIFF
United States Department of Labor

v.                                               No. 4:07CV00852 JLH

CONTINENTAL EXPRESS, INC.                                                                       DEFENDANT

### OPINION AND ORDER

The Secretary of Labor filed this action on behalf of Vincent A. Pollock pursuant to the employment protection provisions of the Surface Transportation Assistance Act ("STAA"), 49 U.S.C. § 31105 (2000). Under the STAA, once an administrative hearing has been held and an order has been issued, the Secretary of Labor may bring a civil action to enforce the order in the federal district court where the violation occurred. *See* 49 U.S.C. § 31105(b), (d). In this case, Administrative Law Judge Stephen Purcell found that Continental Express violated the Act by terminating Pollock for engaging in protected activity under the Act and issued an order to reinstate Pollock on May 3, 2007. The Secretary filed a complaint seeking enforcement of that order and now seeks a preliminary injunction to enforce the order of reinstatement. For the following reasons, the motion is granted.

I.

Vincent A. Pollock was a truck driver with Continental Express from May 2002 until May 2005, when he was discharged. After he was terminated, Pollock filed a complaint with the Occupational Safety and Health Administration ("OSHA") alleging that he was discharged for refusing to drive in violation of Department of Transportation regulations and that his discharge violated the employment protection provisions of STAA. OSHA dismissed Pollock's complaint in September 2002, and in October Pollock filed his objection to the dismissal with the U.S.

Department of Labor and requested a hearing before an administrative law judge. A hearing was held in August 2006 before Administrative Law Judge Purcell, and the judge issued an order on May 3, 2007 determining that Continental violated STAA by terminating Pollock and directing Continental to reinstate him.

Since May 3, 2007, Continental has been paying Pollock a base salary, but Continental has not allowed Pollock to return to work. Continental claims that the amount he is being paid is the same amount he would get if he were working; however, Pollock contends that if he were working, he would also be able to earn layover pay, load/unload pay, extra stop and drop pay, detention pay, and fuel mileage bonuses in addition to his salary. Pollock also contends that the salary he is being paid is based on an average amount of miles per week which he could exceed if he were working and thus earn more than he is currently being paid. The Secretary brought this action in September 2007 pursuant to 42 U.S.C. § 31105(d) to enforce the order for Pollock's reinstatement.

## II.

In ruling on a motion for preliminary injunction, a district court typically considers what have come to be known as the *Dataphase* factors. *See United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1178-79 (8th Cir. 1998). However, "[i]t is a well-established rule that where Congress expressly provides for injunctive relief to prevent violations of a statute, a plaintiff does not need to demonstrate irreparable harm to secure an injunction." *Burlington Northern Railroad Co. v. Bair*, 957 F.2d 599, 601 (8th Cir. 1992) (citing *United States v. City of San Francisco*, 310 U.S. 16, 31, 60 S. Ct. 749, 757, 84 L. Ed. 1050 (1940)). If Congress has already determined that an injunction should issue to prevent a defendant from engaging in activity which is prevented by the statute, then it is not the role of the courts to balance the equities between the parties. *Id.* at 601-02. The standard

in such cases is whether reasonable cause exists to believe that a violation of an act has occurred. *Id.* at 601.

The STAA currently provides that "[i]f a person fails to comply with an order issued under subsection (b) of this section, the Secretary shall bring a civil action to enforce the order in the district court of the United States for the judicial district in which the violation occurred." 49 U.S.C. § 31105(d). The law originally included a second sentence that stated: "[i]n actions brought under this subsection, the district courts shall have jurisdiction to grant all appropriate relief, including injunctive relief, reinstatement, and compensatory damages. Civil actions brought under this subsection shall be heard and decided expeditiously." Surface Transportation Assistance Act, Pub. L. No. 97-424, § 405(e), 96 Stat. 2157, 2158 (1983). In *Burlington Northern*, the Eighth Circuit addressed a similar change in the federal statute prohibiting discriminatory taxation of railroads. *Burlington Northern*, 957 F.2d at 600-01. In a footnote, the court held that because the act revising the statute specifically noted that its provisions "may not be construed as making a substantive change in the laws replaced," the court would view the original language as controlling. *Id.* at 600 n.1. The legislative history of the change to 49 U.S.C. § 31105(d) similarly reflects that the changes made by Congress were not intended to make a substantive change on the law. *See* H.R. REP. NO. 103-180, at 5 (1993). Thus, in an action to enforce an order under the statute, the district court has jurisdiction to grant appropriate relief, including injunctive relief.

As the Supreme Court has held, a district court's traditional equitable discretion is not restricted simply because a statute provides for equitable relief. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313, 102 S. Ct. 1798, 1804, 72 L. Ed. 2d 91 (1982). The issue is whether Congress intended to limit the traditional equitable discretion of the courts when considering injunctive relief in this context. In *Burlington Northern*, to determine Congressional intent the Eighth Circuit

considered whether Congress had already balanced the equities; whether an injunction would serve the purpose of the act; and whether there was a "flat ban" on the prohibited conduct. 957 F.2d at 602-03.

In a discussion of the STAA, the Supreme Court observed that "[t]he statute reflects a careful balancing of the relative interests of the Government, employee, and employer." *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 259, 107 S. Ct. 1740, 1746, 95 L. Ed. 2d 239 (1987). The Court recognized a "legislative determination that the preliminary investigation and finding of reasonable cause by the Secretary . . . provide effective protection to the employee and ensure fair consideration of the employer's interest in making unimpaired hiring decisions." *Id.* Thus, Congress has balanced the interests involved.

The statute provides for injunctive relief so that the Secretary can enforce an order that has been issued after the complaint procedure has been completed. *See* 49 U.S.C. § 31105(b), (d). The Supreme Court has explained Congress's rationale for requiring an employee's reinstatement while an order such as the one in this case is being reviewed.

> Congress also recognized that the employee's protection against having to choose between operating an unsafe vehicle and losing his job would lack practical effectiveness if the employee could not be reinstated pending complete review. The longer a discharged employee remains unemployed, the more devastating are the consequences to his personal financial condition and prospects for reemployment.

*Brock*, 481 U.S. at 258-59, 107 S. Ct. at 1746. An injunction thus would serve the purpose of "enforc[ing] an order" issued by an administrative law judge under the act.

Finally, there is clearly a "flat ban" on the prohibited conduct in the act. *See* 49 U.S.C. § 31105(a) ("A person may not discharge an employee, or discipline or discriminate against an employee . . . because the employee . . . has filed a complaint . . . related to a violation of a commercial motor vehicle safety or security regulation . . . ."). Not only does the act create a flat

4

ban, but it also requires the hearing under the act to be "conducted expeditiously."  *See* 49 U.S.C. § 31105(b)(2)(C).  Furthermore, once an order has been issued requiring reinstatement, the filing of objections to the order "does not stay a reinstatement."  *See* 49 U.S.C. § 31105(b)(2)(B).  The statute thus not only prohibits adverse employment action by an employer in response to an employee's filing of a complaint about unsafe conditions, but it also provides that if the Secretary orders reinstatement, the effect of that order is not stayed during an appeal.

After considering the STAA in light of the factors identified in *Burlington Northern*, this Court finds that the "reasonable cause" standard should apply instead of the *Dataphase* factors.  When following this standard, a court will grant a preliminary injunction "where a plaintiff has shown reasonable cause for the court to believe that a violation of the section has or is about to occur."  *Burlington Northern*, 957 F.2d at 603.  Administrative Law Judge Purcell's order itself provides "reasonable cause" for the Court to believe that a violation has occurred.

## CONCLUSION

The Secretary has shown that the appropriate preliminary injunction standard in this case is reasonable cause and that reasonable cause exists for this Court to believe that a violation of the STAA has occurred.  The Secretary's motion for preliminary injunction is therefore GRANTED.  The Court orders that Continental Express, Inc., immediately reinstate Vincent A. Pollock with the same seniority, status, and benefits of employment that he had in May 2005.

IT IS SO ORDERED this 6th day of November, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE